UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JOHN NORDMAN, ET AL				CIVIL ACTION NO. 08-cv-2025

VERSUS						JUDGE HICKS

KANSAS CITY SOUTHERN			MAGISTRATE JUDGE HORNSBY
RAILWAY CO.

MEMORANDUM RULING

**Introduction**

John Nordman ("Plaintiff") filed this personal injury action in state court against Kansas City Southern Railway Company ("KCS"). KCS removed the case more than 30 days after it was served with the original petition. Plaintiff has filed a Motion to Remand (Doc. 9) on the grounds that the removal was untimely. KCS responds that the allegations in the original petition were not sufficient to trigger the removal period. For the reasons that follow, the motion to remand will be denied.

**Relevant Facts**

Plaintiff alleges in his state court petition that he was injured while on the job with his employer, Holland Company, as a driver of a hy-rail vehicle. Plaintiff was operating his vehicle on KCS tracks to check for defects, alignment, or other issues with the track. He was traveling with his supervisor, and his hy-rail vehicle was followed by another vehicle operated by a KCS Roadmaster. Petition, ¶¶ 1-3.

Plaintiff alleges that he was instructed to stop and exit his vehicle to calibrate instruments. The vehicle was on a steep grade, so Plaintiff climbed down with his hands on grab irons on the vehicle. When his feet reached the large mainline ballast, the ballast slid and gave way. Plaintiff was left hanging from the grab irons, and he alleges that he suffered "severe and debilitating personal injuries." ¶¶ 4-5.

Plaintiff's only description of his alleged injuries (in his petition) are that he "developed disabling traumatic injuries to, *inter alia*, his upper extremities, neck, and upper and lower back, requiring surgical intervention." ¶ 8. Plaintiff, in accordance with La. CCP art. 893, did not pray for a particular amount of damages. He did categorize his damages as including physical pain and suffering, mental anguish, loss of enjoyment of life, loss of past and future wages, diminished earning capacity, and medical expenses. ¶ 10.

Plaintiff represents that KCS was served with his petition on August 8, 2008, and KCS does not dispute that date. Soon afterward, on August 26, 2008, a representative of Travelers Insurance wrote counsel for Plaintiff, stated that Travelers provided liability insurance for KCS, and requested basic information about Plaintiff and his claim, including his specific injuries. Plaintiff's counsel responded by letter. He did not indicate an amount or value of the claim, and he described the injuries by stating only that Plaintiff "suffered, *inter alia*, neck and shoulder injuries for which he has undergone surgery." See Doc. 9, Exhibits 1 and 2.

American Casualty Company filed a Petition of Intervention in the state court on December 5, 2008. American Casualty alleged that it had paid more than $23,000 to Plaintiff in worker compensation benefits and had paid more than $73,000 in medical expenses. American Casualty sought reimbursement from any proceeds of Plaintiff's tort claim against KCS.

KCS filed its notice of removal on December 31, 2008, less than 30 days after the petition for intervention was filed. KCS alleged in its notice that the intervention pleading was the first notice it received that the amount at issue permitted the case to be removed to federal court. Plaintiff, within 30 days thereafter, filed a timely motion to remand on the grounds that the removal was untimely.

**Analysis**

A notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based ... ." 28 U.S.C. § 1446(b). This 30-day time period "starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." Chapman v. Powermatic, Inc., 969 F.2d 160, 163 (5th Cir. 1992). This rule was adopted to promote certainty and to discourage defendants from removing prematurely a case in which the initial pleading does

not affirmatively reveal the requisite amount in controversy, lest the defendant risk waiving its right to remove the case. Id.

Plaintiff's petition did not directly allege that he sought more than $75,000 in damages, and the nonspecific description of his alleged injuries and treatment did not rise to the level that the petition affirmatively revealed on its face that such an amount was at controversy. Plaintiff did allege that he suffered "disabling" and "severe and debilitating personal injuries," but this court has recognized that such strong adjectives are found in virtually every personal injury petition filed in state and city courts, even when only mild soft tissue injuries are at stake. See Lilly v. Big E Drilling Co., 2007 WL 2407254, *3 (W.D. La. 2007) (adjectives such as severe, serious, or disabling - without supporting facts - do little to establish the amount in controversy); Sutton v. Makita USA, Inc., 2007 WL 2008525 (W.D. La. 2007) (same). A term like disabling may suggest to some a serious case, but the court knows from experience that it is not a good indicator of the underlying injury or damages. The term is used by some attorneys routinely in their petitions, no matter the kind or extent of damages their client suffered. And a disability (in a case where there really is one at issue) may be partial (20% loss of use of left thumb) or temporary. The bare term itself, without particular facts to describe the alleged nature and duration of the disability, does not trigger the removal period. Finally, a list of categories of damages (lost wages, medical expenses, pain and suffering, etc.), without any facts to indicate the possible amounts at issue, is of little weight in determining the amount in controversy. See Sutton, supra. Almost

every personal injury petition filed in this state will include a similar boilerplate list of damage categories. Even when these characteristics (use of terms disability and severe injuries; list of categories of damages) are found together in a petition, they do not make it facially apparent that more than $75,000 is in controversy. If that were the case, it would be the extraordinarily rare Louisiana petition, no matter the underlying injuries, that would not trigger the removal period.

Plaintiff did provide some actual facts about his alleged injuries. He alleged injury to his upper extremities, neck, and upper and lower back, but he did not allege the form or nature of such injuries. He merely described them as disabling and traumatic, which leaves much to speculation. He also alleged that the injuries required "surgical intervention," but he did not give any hint as to the nature or expense of that surgery.

The court often faces the related issue of whether a removing defendant has satisfied its burden of showing by a preponderance of the evidence that more than $75,000 is at issue. In doing so, the court grants considerable weight to allegations that the plaintiff required surgery, especially if the underlying injuries or the surgery itself are described with adequate detail to discern the serious nature and expense of the surgery. For example, some plaintiffs allege that they required surgery to fuse disks, repair broken bones, replace joints, or the like. But the court is also aware that many forms of "surgery" are performed in an office, under local anesthesia, at little expense, and with only a small amount of pain and inconvenience. It is impossible to determine from the face of this petition what kind of surgery is alleged to

have been performed, so the value of that surgery in connection with the amount in controversy is quite speculative.

Plaintiff's petition reveals, at best, a case that is *arguably* removable. But it is only when the petition affirmatively reveals on its face that the case *is* removable that the 30-day period is triggered. A similar situation was presented in Duren v. Stonebarger, 2008 WL 544682 (M.D. La. 2008) (petition alleged neck pain, back pain, left hand laceration, an unspecified surgery, numerous contusions, pelvic pain, headaches, chest pain, left arm pain, and wrongful death of unborn fetus). The court held that the removal period was not triggered by the petition.

This court has historically demanded that removing defendants promptly satisfy their burden of establishing by a preponderance of the evidence the requisite amount in controversy. Otherwise, the case is swiftly remanded. The court has also long discouraged premature or protective removals of cases in which the amount in controversy is in doubt because of vague pleadings about "serious" but unspecified injuries and the like. Those protective removals waste a great deal of time for the parties and the court. To hold that the removal period was triggered in this case by the original petition would be contrary to that policy, encourage wasteful protective removals, and be inconsistent with the rules and policy set forth in Chapman and related Fifth Circuit decisions.

If the case stated by the initial petition is not removable, a notice of removal may be filed within 30 days after receipt by the defendant of a copy of an amended pleading or other

paper from which it may first be ascertained that the case is or has become removable. Section 1446(b). That paper does not trigger the removal period unless it makes it "unequivocally clear and certain" that more than $75,000 is in controversy. Bosky v. Kroger Texas, LP, 288 F.3d 208 (5th Cir. 2002). The letter from counsel to the insurance representative contained even less factual information about the injuries and damages than found in the petition, so it did not trigger the removal. KCS was, therefore, justified in not removing the case until the petition of intervention revealed that more than $73,000 in medical expenses had been incurred related to the claimed injuries. That pleading was the first paper to indicate the amount in controversy with adequate clarity to trigger the removal period.

For the reasons set forth above, Plaintiff's **Motion to Remand (Doc. 9) is denied**. The court need not address KCS's argument that the allegation of Plaintiff's mere residency rather than his state of domicile or citizenship was not sufficient to reveal on the face of the petition that the case was removable. The court will set a scheduling conference in due course.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 9th day of April, 2009.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE